**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BRANDON BECKER )<br>2007 Morningstar Drive )<br>Roaming Shores, Ohio, 44084 )<br>         )<br>   On behalf of himself and all )<br>   others similarly-situated )<br>         )<br>              Plaintiff, )<br>     v.     )<br>         )<br>SAM GILDERSLEEVE & SON )<br>PLUMBING, INC. )<br>C/O Sam Gildersleeve, statutory agent )<br>1540 Thiel Road )<br>Jefferson, Ohio, 44047 )<br>         )<br>     - and-  )<br>         )<br>SAM GILDERSLEEVE SR )<br>8092 Morris Road, )<br>Orwell, Ohio, 44076 )<br>     - and-  )<br>         )<br>SAM GILDERSLEEVE JR )<br>2063 Atkins Rd, )<br>Geneva, OH 44041 )<br>         )<br>     - and-  )<br>         )<br>ERICA BRININGER )<br>625 Breezewood Ln, )<br>Orwell, Ohio, 44076 )<br>         )<br>              Defendants. ) | CASE NO.:<br><br>JUDGE<br><br><br>**COMPLAINT FOR VIOLATIONS<br>OF THE FAIR LABOR STANDARDS<br>ACT**<br><br><br>**(Jury Demand Endorsed Herein)** |

## INTRODUCTION

1. Defendant Sam Gildersleeve & Son Plumbing, Inc. and its owners and/or managers, Defendants Sam Gildersleeve Sr., Sam Gildersleever Jr., and Erica Brininger, failed to pay Plaintiff Brandon Becker and other similarly-situated employees for all hours worked or overtime. Accordingly, Defendants' conduct violated the Fair Labor Standards Act

1

("FLSA"), 29 U.S. Code § 207. On behalf of himself and all other similarly situated employees, Becker brings this collective action for the recovery of unpaid minimum overtime wages under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "**FLSA Collective Class Members.**"

## PARTIES

2. Becker is an individual residing in Ashtabula County, Ohio. Becker performed work for Defendants within the last three years for which he was not paid the overtime wages guaranteed by the FLSA. Becker's signed consent to sue form will be filed within the next twenty-one (21) days.

3. The FLSA Collective Class Members are all current and former laborers, plumbers, and/or other hourly employees in substantially similar positions and/or with similar job titles, that worked for Defendants at any time during the three-year period before the filing of this Complaint to present who were not paid all overtime wages due.

4. Sam Gildersleeve & Son Plumbing, Inc. (Gildersleeve Plumbing") is a for-profit corporation organized under the laws of the State of Ohio, and who maintains offices in Jefferson, Ohio, and whom operates in Ohio.

5. Gildersleeve Sr. is and was at all times referenced herein the president, co-owner, and/or principal of Gildersleeve Plumbing.

6. At all times referenced herein, Gildersleeve Sr. supervised and/or controlled Becker and the putative class' employment with the Gildersleeve Plumbing, controlled the day to day operations of Gildersleeve Plumbing, to include their compensation policies and practices, and acted directly or indirectly in the interest of Gildersleeve Plumbing in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA.

7. Gildersleeve Jr. is and was at all times referenced herein a manager, co-owner, and/or principal of Gildersleeve Plumbing.

2

8. At all times referenced herein, Gildersleeve Jr. supervised and/or controlled Becker and the putative class' employment with the Gildersleeve Plumbing, controlled the day to day operations of Gildersleeve Plumbing, to include their compensation policies and practices, and acted directly or indirectly in the interest of Gildersleeve Plumbing in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA.

9. Brininger is and was at all times referenced herein a supervisor and/or manager for Gildersleeve Plumbing.

10. At all times referenced herein, Brininger supervised and/or controlled Becker and the putative class' employment with the Gildersleeve Plumbing, controlled the day to day operations of Gildersleeve Plumbing, to include their compensation policies and practices, and acted directly or indirectly in the interest of Gildersleeve Plumbing in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA.

**PERSONAL JURISDICTION**

11. Defendants hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

12. Becker and those similarly-situated performed work in this judicial district, were paid unlawfully by Defendants pursuant to work performed in this district and/or were hired out of this district.

13. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

**SUBJECT MATTER JURISDICTION AND VENUE**

14. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

15. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## COVERAGE

16. At all times referenced herein, Gildersleeve Plumbing was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

17. At all times material to the Complaint, Becker and those similarly-situated directly participated in the actual movement of things in interstate commerce by working for Defendants on projects located in Ohio and in parts of Pennsylvania.

## FACTS

### (Facts Relating To Plaintiff Brandon Becker)

18. Defendants operate a plumbing and remodeling business that operates throughout Ohio and in parts of Pennsylvania.

19. Becker is a former employee of Defendants.

20. Becker was hired by Defendants in or around May of 2019.

21. Becker's primary job duty was performing manual labor as directed by Defendants.

22. Becker would be assigned to work at various projects on a day to day basis by Defendants.

23. Becker would start his day by reporting to Defendants' workshop, loading up equipment and supplies in Defendants' trucks and/or vans, and receiving his work assignment.

24. Becker would travel to the day's worksite with other workers after receiving his work assignment and loading vehicles.

25. Becker could not hire other employees.

26. Becker could not fire other employees.

27. Becker primary job duties did not require Becker to exercise discretion and/or independent judgment with respect to matters of significance.

28. Becker was paid hourly by Defendants.

29. Becker was non-exempt from the overtime requirements of the FLSA.

30. Becker regularly worked in excess of 40 hours per week for Defendants.

31. Pursuant to Defendants instructions, Becker filled out a timecard each day by hand.

32. Pursuant to Defendants instructions, Becker only recorded the time he arrived at Defendants shop through when he left the worksite each day.

33. Pursuant to Defendants instructions, Becker did not record his travel time back to the Defendants' shop on his timecard.

34. Pursuant to Defendants instructions, Becker did not record any time he spent working at the shop after returning from the worksite.

35. Even though Becker did not record all of his hours each week, he regularly reported more than 40 hours each week.

36. For example, during the week of May 6, 2019, Becker recorded 70.5 hours:



37. Despite the 70.5 hours Becker reported to Defendants, Defendants only paid Becker for 40 hours of "straight time" for the week of May 6, 2019:



38. During the week of June 8, 2019, Becker recorded 44.5 hours:

6



39. Notwithstanding the 44.5 hours Becker reported for the week of June 8, 2019, Defendants only paid Becker for 40 hours of work:



40. During the week of July 16, 2019, Becker recorded 58.5 hours of work:

7



41. Notwithstanding the 58.5 hours Becker reported for the week of July 16, 2019, Defendants only paid Becker for 40 hours of work:



42. The failure of Defendants to pay Becker for all hours worked or overtime was not limited to the examples provided in the Paragraphs 36 through 41, *supra*, but occurred regularly throughout Becker's employment.

43. When Becker worked fewer than 40 hours, he was only paid for the hours he reported.

44. On one or more occasions, Defendants docked Becker an entire day's pay as a means of disciplining Becker.

45. For example, on one occasion, Brininger docked Becker for two days of reported hours because he failed to list the complete address of the work site on his timecard.

46. Becker complained to Gildersleeve Sr., Gildersleeve Jr., and Brininger on several occasions about his pay, but they refused to do anything about Becker's complaints and/or disregarded Becker's complaints.

47. Defendants knowingly continued to fail to pay overtime even after Becker complained that what Defendants was doing was "illegal."

48. During Becker's employment with Defendants, he learned from other employees that they were paid in the same manner as Becker.

49. Becker resigned his employment with Defendants on or about September 15, 2020, after Gildersleeve Sr again refused to address Becker's complaints about not being paid overtime or for all hours worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

50. Becker incorporates by reference the allegations in the preceding paragraphs.

51. Defendants employ general laborers, service technicians, and other hourly employees like Becker to perform the plumbing, construction, and remodeling services offered by Defendants

52. Becker brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly-situated individuals who are part of the following class:

> All current and former plumbers, laborers, service technicians, or other substantially similar positions and/or with similar job titles who worked for Defendants at any time during the three-year period before the filing of this Complaint to present and were paid on an hourly basis.

53. At all times referenced herein, Defendants had a practice of only paying FLSA Collective Class Members for up to 40 hours of work regardless of how many hours they actually worked.

54. Defendants did not pay FLSA Collective Class Members overtime.

55. At all times referenced herein, Defendants instructed FLSA Collective Class Members to record their hours on handwritten timecards.

56. At all times referenced herein, Defendants instructed FLSA Collective Class Members to record their hours only from when they arrived at Defendants' shop until they left the worksite they were assigned to work that day.

57. Defendants instructed FLSA Collective Class Members not to record their travel time back to the shop or any time they spent unloading or cleaning out vehicles after returning from the worksite.

58. Upon information and belief, Defendants regularly docked the hours reported by FLSA Collective Class Members for disciplinary purposes, to include docking one hour of time if they were late to work by any amount of time.

59. Upon information and belief, Defendants did not pay any FLSA Collective Class Members overtime in 2017.

60. Upon information and belief, Defendants did not pay any FLSA Collective Class Members overtime in 2018.

61. Upon information and belief, Defendants did not pay any FLSA Collective Class Members overtime in 2019.

62. Upon information and belief, Defendants did not pay any FLSA Collective Class Members overtime in 2020.

63. Collective Action treatment of Becker's FLSA claim is appropriate because Becker and the FLSA Collective Class Members have been subjected to the common business practices referenced in paragraph 50-59, *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' enterprise-wide practices failed to properly compensate the FLSA Collective Class Members for all hours worked.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

64. Becker restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

66. Becker and those similarly-situated were not exempt from the right to receive overtime pay under the FLSA during their employment with Defendants.

67. Becker and those similarly-situated are entitled to be paid overtime compensation for all overtime hours worked.

68. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay overtime to its employees for their hours worked in excess of 40 hours per week.

69. Defendants failed to make, keep, and preserve accurate time records with respect to Becker and those similarly-situated and/or knowingly disregarded the time that reported to them by

Becker and those similarly-situated regarding the hours they worked, in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

70. Defendants either recklessly failed to investigate whether their failure to pay Becker and those similarly-situated overtime violated the Federal Wage Laws of the United States, they intentionally misled Becker and those similarly-situated to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Becker and those similarly-situated the overtime pay they earned.

71. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72. Becker and those similarly-situated are entitled to damages in the amount of their unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including their attorneys' fees and costs.

73. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

74. Plaintiffs requests recovery of their attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Becker respectfully request relief against Defendants as set forth below:

a. Designating this action as a collective action on behalf of Plaintiff and the Collective they represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

b. Designating Plaintiff as the representative for the Collective;

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under

    the FLSA, 29 U.S.C. §§ 201 *et seq.*.;

d. Issuing a declaratory judgment that Defendants violated the recording-keeping requirements of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a),

e. Awarding Plaintiff and the Collective unpaid minimum wages and unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

f. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff and Class members in an amount to be determined at trial;

g. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

h. Awarding pre-judgment and post-judgment interest as provided by law;

i. Awarding reasonable attorneys' fees and costs; and

j. Awarding such other and further relief that this Court deems appropriate.

    Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Brandon Becker*

## JURY DEMAND

Plaintiffs Brandon Becker demand a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

13