UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON BECKER, | ) | Case No. 1:20-cv-2359 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge David A. Ruiz |
| | ) | |
| SAM GILDERSLEEVE & SON PLUMBING, INC, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

On September 10, 2021, Plaintiff Brandon Becker moved for default judgment against Defendants Sam Gildersleeve & Son Plumbing, Inc. and Sam Gildersleeve, Sr. for failure to answer his complaint. (ECF. No. 23.) Plaintiff seeks $113,464.80 in damages and $15,347.50 in attorney's fees and costs. (*Id.*) For the following reasons, the Court **GRANTS** Plaintiff's motion for default judgment and **AWARDS** Plaintiff $113,464.80 in damages and $15,347.50 for attorney's fees and costs—$128,812.30 in total.

## BACKGROUND

On October 15, 2020, Plaintiff Brandon Becker sued his former employer, Sam Gildersleeve & Son Plumbing, Inc. (the "Company"), Sam Gildersleeve, Sr., Sam Gildersleeve, Jr., and Erica Brininger, on behalf of himself and all other similarly situated, for alleged violations of the Fair Labor Standards Act. (ECF No. 1.) Specifically, Plaintiff alleged that Defendants failed to pay him for all the hours he

1

worked, both straight time and overtime. (*See id.*, ¶¶ 36–42, PageID #5–9.) He also alleges that his employer "[o]n one or more occasions . . . docked" him pay "as a means of" discipline. (*Id.*, ¶ 44, PageID #9.) After raising the wage and hour issues with Defendants to no avail, Plaintiff quit then sued.

On August 25, 2021, the Court found that Plaintiff properly served the Company on October 28, 2020 and Mr. Gildersleeve, Sr., on December 23, 2020, but dismissed Mr. Gildersleeve, Jr., and Ms. Brininger for untimely service. (ECF No. 22, PageID# 112, 118.) Since then, neither the Company nor Mr. Gildersleeve, Sr., has answered Plaintiff's complaint and the clerk entered default against both the Company and Mr. Gildersleeve, Sr., on April 23, 2021. (ECF No. 11). Notably, Plaintiff has abandoned his claims for collective relief and seeks relief for unpaid overtime on behalf of himself only. (ECF No. 23, PageID #119.)

## ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgments. "When a party against whom a judgment for affirmative relief is sought has faulted to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

After default has been entered under Fed. R. Civ. P. 55(a), the party seeking relief may apply for a default judgment under Rule 55(b). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In other words, a default upon well-pleaded allegations establishes defendant's liability, but plaintiff

bears the burden of establishing damages. *Flynn v. People's Choice Home Loan, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). "Where damages are unliquidated a default admits only the defendant's liability and the amount of damages must be proved." *Antione*, 66 F.3d at 110.

## I.    Liability

### I.A.    Joint and Several Liability

First, the Court must determine whether both Mr. Gildersleeve, Sr., and the Company are Plainitff's employers under the FLSA and, therefore, liable under the Act. The Sixth Circuit uses the "economic reality" test to determine "whether a person is an 'employer' responsible for FLSA obligations." *U.S. Dep't of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 778 (6th Cir. 1995) (quoting *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994)). Under this test, "a corporate officer who has operational control of the corporation's covered enterprise is an employer under FLSA, along with the corporation itself." *Id.* at 778. For instance, "one who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for the purposes of FLSA." *Id.*

Under this Circuit precedent, without question, both Defendants have liability. The Company was Plaintiff's employer, and Mr. Gildersleeve, Sr. is listed in the Ohio Secretary of State's records as the initial director of the company. (ECF No. 23-2.) Further, Plaintiff testified that Mr. Gildersleeve, Sr., held himself out as the owner,

3

supervised Plaintiff, and controlled how Plaintiff recorded and reported his hours. (ECF No. 23-1, ¶¶ 6–7, PageID #135.)

### I.B.  FLSA Liability

The Court takes the following allegations as true. The Company is a for-profit corporation organized under the laws of the State of Ohio with offices in Jefferson, Ohio. (ECF No. 1, ¶¶ 16–17.) It operates in Ohio and Pennsylvania and does business of at least $500,000 a year. (*Id.*)

Plaintiff is a former employee of the Company, where he worked as a laborer for $17 an hour. (ECF No. 1, ¶¶ 19, 36.) Plaintiff's supervisors, Sam Gildersleeve Sr., Sam Gildersleeve Jr., and Erica Brininger controlled his work hours and pay. (*Id.*, ¶ 8.) Plaintiff worked for Defendants from April 30, 2018 through September 15, 2020, when he quit. (ECF No. 23-1, ¶¶ 3, 21, PageID #135, 137.)

On a typical workday, Plaintiff reported to Defendants' workshop at 6:00 or 6:30 a.m., loaded equipment and supplies in Defendants' vehicles, and travelled to his assigned work site for the day. (ECF No. 1, ¶¶ 23–24, 36, PageID #5–6.) At the end of the day, Plaintiff travelled back to Defendants' workshop, where he assisted with unloading equipment and supplies until about 3:30 p.m., but often worked past that, sometimes until 5:00 or 6:00 p.m. (ECF No. 23-1, ¶ 12, PageID #136.)

Pursuant to Defendants' instructions, Plaintiff recorded his complete hours of work—from when he arrived at Defendants' shop through when he left the shop at the end of the day—on hand-written timecards. But Defendants told Plaintiff to count only the hours between when he arrived at the workshop and when he left the last worksite for the day. (*Id.*, ¶ 13, PageID #136.) Defendant regularly refused to

4

compensate Plaintiff for overtime, limiting his paychecks to 40 hours a week. (ECF No. 1, ¶¶ 35–45, PageID #6–9.)

Taking these allegations as true, Defendants are liable under the FLSA. The Company is an enterprise under 29 U.S.C. § 203(r), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1), and Defendants willfully failed to pay Plaintiff "at a rate not less than one and one-half times" the regular rate of pay for work performed in excess of 40 hours in a work week. 29 U.S.C. § 207(a).

## II. Damages Under the FLSA

Plaintiff seeks $113,464.80 in damages, $56,732.40 in overtime pay, and $56,732.40 in liquidated damages under 29 U.S.C. § 216(b). Where a plaintiff alleges damages, the Court must discern whether the alleged damages are reasonable. Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing" regarding damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12 CV 962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012). In either instance, the moving party must present some evidence to support of his claim, whether an affidavit or other documentary evidence. *Id.*

The Court determines that an evidentiary hearing is unnecessary. There is ample documentary evidence on the record, including pay stubs, timecards, and Plaintiff's declaration from which the Court can determine damages.

**II.A. Overtime Pay**

"[A]n employee bringing . . . suit [under the FLSA] has the 'burden of proving he performed work for which he was not properly compensated.'" *Monroe FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)). "Estimates may suffice under this standard because 'inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records.'" *Long v. Morgan*, 451 F. Supp. 3d 830, 833 (M.D. Tenn. Mar. 30, 2020) (citing *Monroe*, 860 F.3d at 412). Further, "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes," an employee can carry his burden of proving damages by producing evidence that supports an inference of the amount owed. *Anderson*, 328 U.S. at 687–88. Absent a defendant's rebuttal of that inference, the court may award the approximated damages to the plaintiff. *See id.*

With these principles in mind, the Court finds that Plaintiff is entitled to $56,732.40 in overtime pay. Because Defendants have defaulted, the record is devoid of Plaintiff's complete and accurate wage and time records. However, the Court relies on Plaintiff's documentary evidence to estimate his damages. Plaintiff provided a declaration and ten weeks of pay stubs and timecards to support his claim that he was not compensated for overtime. (ECF No. 23-1, PageID #139–156.) The following table represents the hours he worked for each of those ten weeks:

| Workweek | Hours | OT Hours | OT Owed |
|---|---|---|---|
| 5/6/2019 | 70.5 | 30.5 | $777.75 |
| 6/9/2019 | 44.5 | 4.5 | $114.75 |
| 7/7/2019 | 62.5 | 22.5 | $573.75 |

6

| | | | |
|---|---|---|---|
| 7/14/2019 | 58.5 | 18.5 | $471.75 |
| 7/28/2019 | 59.5 | 19.5 | $497.25 |
| 8/4/2019 | 61.5 | 21.5 | $548.25 |
| 8/11/2019 | 57.5 | 17.5 | $446.25 |
| 8/25/2019 | 52.5 | 12.5 | $318.75 |
| 9/25/2019 | 75.5 | 35.5 | $905.25 |
| 12/8/2019 | 63.5 | 23.5 | $599.25 |
| **TOTALS** | **606** | **206** | **$5,253.00** |

Plaintiff worked 206 overtime hours, or an average of 20.6 overtime hours per week. (ECF No. 23, PageID #128.)

In his declaration, Plaintiff asserts that he worked for Sam Gildersleeve & Son Plumbing for 122 weeks, 108 weeks of which he worked an average of 20.6 overtime hours—Plaintiff subtracted the 14 weeks that contain holidays. (ECF No. 23-1, PageID #137–38.) Therefore, he declares, he worked a total of 2018.8 overtime hours, worth $56,732.40. (*Id.*)

Considering: (1) Plaintiff's 10-week overtime average of 20.6 hours; (2) Plaintiff's average workday as alleged in his complaint; (3) Plaintiff's estimate that he worked approximately 20.6 overtime hours for 108 weeks; and (4) Defendants' failure to provide records to the contrary, the Court finds that Plaintiff request for $56,732.40 is reasonable.

### II.B. Liquidated Damages

The FLSA provides that an employee is entitled to liquidated damages in an amount equal to his or her unpaid overtime compensation absent the defendant showing that the unlawful act or omission was reasonable or in good faith. 29 U.S.C. §§ 216(b) & 260. Because Defendants have failed to show their violation was reasonable or in good faith, Plaintiff is entitled to $56,732.40 in liquidated damages.

7

### III. Attorney's Fees and Costs

The FLSA allows a plaintiff to recover reasonable attorney's fees and costs. *Id.* § 216(b). To determine reasonable attorney's fees, a district court "begins by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). To prove that the purported fees are reasonable, the requesting party must provide "evidence supporting the hours worked and rates claimed." *Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1207 (6th Cir. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining a reasonable rate, a court may also consider the awards in analogous cases, *see Johnson v. Connecticut Gen. Life Ins., Co.*, 2008 U.S. Dist. LEXIS 24026, 2008 WL 697639, at *5 (N.D. Ohio 2008), and its own knowledge and experience from handling similar requests for fees, *see Ousley v. General Motors Ret. Program for Salaried Emps.*, 496 F. Supp. 2d 845, 850 (S.D. Ohio 2006) (citing *Coulter v. State of Tenn.*, 805 F.2d 146, 149–50 (6th Cir. 1986)).

Plaintiff requests $15,347.50 for attorney's fees and costs, which includes a $400 filing fee and $127.50 to hire a process server. To support the lodestar, Plaintiff provides (1) his counsel's affidavit that outlines relevant work experience, the time spent on this matter, and his normal and charged hourly rate, (2) his counsel's billing record, and (3) the contingency-fee contract.

The Court finds that both counsel's hours and hourly rate are reasonable. First, 45.6 hours over a ten-month period to research the case, communicate with Plaintiff, draft the litigation documents, and serve Defendants is reasonable. ([ECF No. 23-3](), PageID #172–73.)  Second, counsel's $325 rate is reasonable for a plaintiff's employment attorney in Northeast Ohio.  Accordingly, the Court awards $14,820 for attorney's fees (45.6 hours multiplied by $325 per hour) plus $527.50 in costs for a total of $15,347.50.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment and **AWARDS** Plaintiff $113,464.80 in damages plus $15,347.50 for attorney's fees and costs, for a total judgment of $128,812.30.

**SO ORDERED.**

Dated:  September 24, 2021

 

                        J. Philip Calabrese
                        United States District Judge
                        Northern District of Ohio